# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY JEROME McCLURE,

      Petitioner,

v.                                      Civil action no. 2:05cv25
                                       Criminal action no. 2:02cr27
                                       (Judge Mawell)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 18, 2005, the *pro se* petitioner, an inmate at the United States Penitentiary in Bennettsville, South Carolina, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges that his sentence exceeds the maximum sentence of conviction in violation of the Sixth Amendment. In addition, the petitioner alleges that he was afforded ineffective assistance of counsel. This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On October 16, 2002, the Grand Jury returned an eleven count indictment against the petitioner. On December 18, 2002, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Two of the Indictment, charging him with interstate travel in aid of a drug trafficking offense; Count Five of the Indictment charging him with use of a telephone on February 26, 2002 to facilitate a drug conspiracy; and Count Six of the Indictment charging him with the use

of a telephone on February 27, 2002, to facilitate a drug conspiracy. In the plea agreement, the parities stipulated to total drug relevant conduct of at least 1.5 kilograms, but less than 5 kilograms, of a substance containing a detectable amount of methamphetamine. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On February 6, 2003, the petitioner entered his plea in open court, and on February 9, 2004, the Court sentenced the petitioner to 156 months imprisonment.

**B. Appeal**

The petitioner did not file an appeal of his conviction.

**C. Federal Habeas Corpus**

The petitioner asserts the following grounds for relief:

1. Trial counsel was ineffective because he is misinformed the petitioner that if he pleaded guilty to three counts of the eleven count indictment, his sentences for the three offenses would run concurrently rather than consecutively.

2. The sentences for counts Five and Six of the indictment, to which he pleaded guilty, should have run concurrently not consecutively because they were the same general type of offenses.

3. The counts of the indictment to which he pleaded guilty were all part of the same course of conduct and should have been grouped together for sentencing purposes resulting in a 60 months maximum sentence as opposed to the 156 months sentence that he received.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his Memorandum of Law in support of his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because he had ninety days after his February 9, 2004 sentencing before the start of the one year limitation period. In this regard, the petitioner is clearly wrong.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F,3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). Therefore, the petitioner's conviction became final on February 19, 2004, the date his time for filing a direct appeal expired. Therefore, he had until February 21, 2005, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until March 18, 2005, it is clearly untimely.

In response to this Court's Hill v. Braxton notice, the petitioner argues that the statute of limitations should be equitably tolled due to his counsel's failure to file a direct appeal. Equitable tolling may excuse failure to comply with the strict requirements of a statute of limitations, but it cannot overcome a jurisdictional bar. Harris v. Hutchinson, 209 F .3d 325, 328 (4th Cir. 2000). However, the Fourth Circuit has held that the time restriction in § 2255 is a statute of limitations, which in proper circumstances, may be subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); Harris, supra at 328-29. The doctrine of equitable tolling generally

4

is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent or where extraordinary circumstances beyond petitioner's control made it impossible to file the claim on time. Id. at 330. As the Harris court stated, "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.

Because there is no allegation in this case that the United States contributed to petitioner's delay in filing his petition, petitioner must point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit. Petitioner's assertion that his attorney failed to file a direct appeal, as promised, is insufficient to meet the high standard necessary for equitable tolling.

Petitioner indicates that the was under the impression that his attorney was filing an appeal. He further alleges that after several months had passed, and he had not received any paperwork concerning an appeal, nor an answer on his appeal, he and his family sought for another several months to contact his attorney without success. Petitioner further alleges that he then had his family call the 4th Circuit Court of Appeals to request the status of his direct appeal, but only to learn that a direct appeal had never been filed. Accordingly, the petitioner claims that sometime around the latter part of January, 2005, he filed a letter requesting an extension of time to file his direct appeal. On February 1, 2005, he received an answer from the Court of Appeals stating that the Court did not have jurisdiction to grant such a request. Therefore, the petitioner filed his § 2255 motion with this court on March 18, 2006, almost one month after the statute of limitations expired.

The Fourth Circuit has expressly stated that the extraordinary remedy of equitable tolling

5

should be granted sparingly, reserved only for situations in which it is unconscionable to enforce the limitation period. Prescott, supra at 688. Here, the petitioner has failed to demonstrate the due diligence that would require equitable tolling. Not only did he wait eleven months before contacting the Court of Appeals regarding the status of his direct appeal, he failed to act in a timely fashion in filing his § 2255 motion upon learning that he was precluded from filing a direct appeal. The petitioner learned three weeks before the statute of limitations expired that his only remedy was a § 2255 motion. Yet, he waited six weeks before filing the same. Because petitioner has failed to show that equitable tolling is warranted in this case, his § 2255 motion is barred by the one year period of limitations contained in 28 U.S.C. § 2255.

Finally, the undersigned notes that the petitioner filed an Application to Proceed Without Prepayment of Fees. Inasmuch as there are no filing fees associated with a §2255 motion, the same is moot.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's § 2255 motion (Doc. 32); **DENYING** petitioner's Motion for equitable Tolling (Doc. 37) and **DISMISSING** his Application to Proceed Without Prepayment of Fees (Doc. 34).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

Dated: October 24, 2006

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE